_____

SO ORDERED,

*signature*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: September 16, 2016**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:  JEANETTE PETERS | CASE NO. 15-02199-KMS |
| DEBTOR | CHAPTER 7 |
| HOMETOWN CREDIT LLC | CREDITOR/PLAINTIFF |
| V. | ADV. NO. 15-00067-KMS |
| JEANETTE PETERS | DEBTOR/DEFENDANT |

## MEMORANDUM OPINION

This matter came on for trial on April 26, 2016. Adv. Dkt. No. 22.[1] Hometown Credit, LLC, brought suit to have the obligation owed to it by Jeanette Peters declared nondischargeable under 11 U.S.C. § 523(a)(2)(B). At trial, Stacey Moore Buchanan represented Hometown Credit, LLC, and Richard Grindstaff represented Jeanette Peters. The Court, having considered the evidence, finds that the obligation is excepted from discharge.[2]

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 15-00067-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 15-02199-KMS, are cited as "Dkt. No. ___".

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable to this Adversary by Federal Rule of Bankruptcy Procedure 7052, the following constitutes the findings of fact and conclusions of law of the Court.

1

I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

II. Findings of Fact

On July 16, 2015, Jeanette Peters filed a petition for Chapter 7 relief. Dkt. No. 1. Peters scheduled a debt to Hometown Credit, LLC ("Hometown Credit") for a signature loan in the amount of $3,400.00. Dkt. No. 3 at 11. Hometown Credit did not file a proof of claim. On October 20, 2015, Hometown Credit brought this nondischargeability action asserting that Peters omitted several debts from her loan application. Adv. Dkt. No. 1 at 2-3; Dkt. No. 41 at 2-3. Hometown Credit also seeks its attorney's fees from this litigation as provided for in its contract. A trial on the complaint was held on April 26, 2016. Adv. Dkt. No. 22. By stipulation, the parties introduced nineteen[3] exhibits. Rhonda Fielder, a manage at Hometown Credit, and Stephen Binning, the owner of Hometown Credit, testified at the trial. Peters did not testify.

Prior to filing bankruptcy and on April 14, 2015, Peters applied for a loan with Hometown Credit. Adv. Dkt. No. 21 at 1. As part of the application, Peters signed several supplemental documents, including a list of all her other debts (Adv. Dkt. No. 21-1), a monthly budget of her income and expenses (Adv. Dkt. No. 21-2), a financial condition questionnaire (Adv. Dkt. No. 21-3), a form verifying her living situation (Adv. Dkt. No. 21-4), and another form affirming the truth and completeness of the other information provided (Adv. Dkt. No. 21-5). When Peters submitted her bankruptcy schedules to the Court, she listed several debts that did not appear on the list she submitted to Hometown Credit, including debts to Advance America, Express Check Advance, Quick Cash, Speedee Cash, and Tillman Furniture. *See* Adv.

---

[3] The exhibits total nineteen but are numbered one through eighteen and twenty. Adv. Dkt. No. 21.

Dkt. No. 21-10 at 10-13. All of these lenders except Tillman Furniture are considered payday lenders.

Hometown Credit subpoenaed records from the creditors not listed on Peters' loan application. Advance America responded with documentation of loans made to Peters on April 9 and April 24, 2015, which were both paid off. Adv. Dkt. No. 21-11. Express Check Advance responded that Peters had borrowed money on August 28, 2012, but that all documents related to that transaction had been destroyed under its records retention policy. Adv. Dkt. No. 21-12. Express Check Advance's computer system showed the loan as written off. Adv. Dkt. No. 21-12. Quick Cash responded with documentation of a loan made to Peters on April 4, 2015, which had been paid. Adv. Dkt. No. 21-13. Speedee Cash responded with documentation of a loan made to Peters on December 26, 2014, with an outstanding balance. Adv. Dkt. No. 21-14. Tillman Furniture submitted to Hometown Credit copies of three installment contracts dated May 29, 2014; July 12, 2014; and January 15, 2015. Adv. Dkt. No. 21-15. Each earlier loan with Tillman Furniture had been refinanced as part of the newer loan, leaving just one outstanding debt to Tillman Furniture.

Both Fielder and Binning testified that had Hometown Credit been informed of these debts, Hometown Credit would not have made the loan. Specifically, they testified that the existence of a single payday loan obligation in a potential borrower's application was a sufficient reason to deny the loan because it meant the borrower was inherently too risky to lend to. Further, they testified that the undisclosed loan from Tillman Furniture meant that Peters had insufficient income in her budget to repay the loan on the terms set out in the contract. Fielder also testified that charged off debts were not considered material when Hometown Credit evaluated a potential borrower because that money was no longer owed.

III. Conclusions of Law

A. Section 523(a)(2)(B)

Debts "for money, property, services, or an extension, renewal, or refinancing of credit" obtained by use of a written statement "(i) that is materially false; (ii) respecting the debtor's . . . financial condition; (iii) on which the creditor to whom the debtor is liable for such [debt] reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive" are excepted from discharge. 11 U.S.C. § 523(a)(2)(B) (2010). Hometown Credit "bears the burden of proving each of the required elements by a preponderance of the evidence." *Country Credit, LLC v. Kornegay (In re Kornegay)*, Bankr. No. 11-00067, Adv. No. 11-00042, 2012 WL 930818, at *3 (Bankr. S.D. Miss. Mar. 19, 2012) (citing *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991)). "A fact is proven by a preponderance of the evidence if the Court finds it more likely than not the fact is true." *Lanier v. Futch, (In re Futch)*, Bankr. No. 09-01841, Adv. No. 09–00144, 2011 WL 576071, at *16 (Bankr. S.D. Miss. Feb. 4, 2011) (citing *U.S. Envtl. Prot. Agency v. Sequa Corp. (In re Bell Petroleum Servs., Inc.)*, 3 F.3d 889, 909–10 (5th Cir. 1993)). "Exceptions to discharge must be strictly construed against the creditor and liberally construed in favor of the debtor." *In re Kornegay*, 2012 WL 930818, at *3 (citing *id.*)

Hometown Credit has clearly established the first two elements. *See generally Country Credit, LLC v. Martin (In re Martin)*, 513 B.R. 303, 310-11 (Bankr. S.D. Miss. 2014) discussing materiality and financial condition elements). Peters's failure to disclose the debt owed to Tillman Furniture constitutes a materially false representation about Peters's financial condition. However, not all of the payday loan can be considered material. The loan taken out at Advance America on April 24, 2015, is not material because it was made after Peters signed the loan agreement with Hometown Credit. Although Hometown Credit argued that Peters agreed that

4

she would not take out a payday loan in the thirty days following her loan with Hometown Credit, it has not proven that Peters knew that statement was false when she made it. *See Norcross v. Ransford (In re Ransford)*, 202 B.R. 1, 5 (Bankr. D. Mass. 1996) ("The purpose of these statements was not to identify the debtor's current financial condition, but rather to make promises about the debtor's future behavior."); *cf. Pikco Fin., Inc. v. Crumedy (In re Crumedy)*, Bankr. No. 13-50513, Adv. No. 13-05020, 2014 WL 4352066, at *2 (Bankr. S.D. Miss. Sept. 2, 2014) (holding that statements as to future action cannot be false representations or false pretenses under Section 523(a)(2)(A)). And the 2012 loan from Express Check Advance is not material because it had been charged off. The April 9, 2015, paid off loan from Advance America and the still outstanding December 26, 2014, loan from Speedee Cash, however, are material. The Court next considers the reasonableness of Hometown Credit's reliance on these representations.

"[T]he section 523(a)(2)(B) reasonableness of reliance determination is a factual one rests on the nature of the determination" and "should be judged in light of the totality of the circumstances." *Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257, 261 (5th Cir. 1993). Bankruptcy courts consider:

> whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.

*Id.* (citing *Boston Mortg. Corp. v. Ledford (In re Ledford)*, 970 F.2d 1556, 1560 (6th Cir. 1992)). The record reflects that Peters had previously received a loan from Hometown Credit. *See* Adv. Dkt. No. 1-3 (listing Hometown Credit as existing obligation). Further, there were no "red flags" in the information provided by Peters to show that the information was not accurate. Hometown

Credit verified much of the information provided by pulling Peters's credit report. *See* Adv. Dkt. No. 21-7. And the existence of the Tillman Furniture debt or the material payday loans could not have been discovered through minimal investigation.

Lastly, the Court examines Peters's intent.

> Because a debtor rarely admits that he intended to deceive a creditor, there is hardly ever direct evidence of a deception. For this reason, an intent to deceive can be inferred from "reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation." *Norris v. First Nat'l Bank (In re Norris)*, 70 F.3d 27, 30 n.12 (5th Cir. 1995) (citation omitted). "[A]n honest belief, even if unreasonable, that a representation is true and that the speaker has information to justify it does not amount to an intent to deceive." *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 788 (1st Cir. 1997)).

*In re Martin*, 513 B.R. at 313. The Tillman furniture loan was made only four months before Peters applied for a loan from Hometown Credit. Peters did not disclose a loan from Advance America made five days prior to her application with Hometown Credit or a still outstanding loan from Speedee Cash made four months earlier. The recency of these undisclosed loans compared to the loan with Hometown Credit evinces an intent to deceive on Peters's part satisfying the Section 523(a)(2)(B) standard. *See GulfSouth Credit, Inc. v. Perry (In re Perry)*, 547 B.R. 650, 654 (Bankr. M.D. La. 2016) ("A borrower's lack of care when signing loan documents evidences a reckless disregard for the correctness of the information in the application and thus establishes intent to deceive for purposes of applying section 523(a)(2).").

The Court finds that Hometown Credit has proven by a preponderance of the evidence facts to meet the exception from discharge in Section 523(a)(2)(B). The debt owed by Peters to Hometown Credit is nondischargeable.

B. Attorney's Fees

Although "the Bankruptcy Code does not expressly award attorney's fees to a creditor who successfully contests the dischargeability of his claim[,] . . . creditors are entitled to recover attorney's fees in bankruptcy claims if they have a contractual right to them valid under state law." *Jordan v. Se. Nat'l Bank (In re Jordan)*, 927 F.2d 221, 226-27 (5th Cir. 1991) (internal quotation marks omitted), *overruled on other grounds by In re Coston*, 991 F.2d at 260-61. These fees become a part of the nondischargeable debt. *See id.* at 226-28 (holding that where party has contracted to pay attorney's fees for collection of nondischargeable debt, attorney's fee award also will not be discharged in bankruptcy). Hometown Credit's contract with Peters provides that upon default, Peters is liable for reasonable attorney's fees associated with proceedings to collect on the debt. Hometown Credit may submit a fee itemization and supporting affidavit as required by the Court's local rules within fourteen days of the entry of this order. *See* Miss. Bankr. L.R. 7054-1(b)(2)(A)-(B).

**IT IS HEREBY ORDERED** that the debt owed by Jeanette Peters to Hometown Credit, LLC is nondischargeable.

**FURTHER ORDERED** that Hometown Credit, LLC shall submit to the Court within fourteen days any request for attorney's fees.

**FURTHER ORDERED** that in accordance with Federal Rule of Civil Procedure 58 as applied by Federal Rule of Bankruptcy Procedure 7058, the Court shall enter final judgment by separate order.

## *END OF ORDER* ##